```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION


ALICE BUCKHANAN                                      PLAINTIFF


VS.                          CIVIL ACTION NO. 3:13CV278TSL-JCG


ERIC K. SHINSEKI, IN HIS OFFICIAL CAPACITY
AS SECRETARY OF THE UNITED STATES
DEPARTMENT OF VETERANS AFFAIRS;
VETERANS ADMINISTRATION MEDICAL
CENTER, JACKSON G.V. "SONNY" MONTGOMERY
MEDICAL CENTER; JOE BATTLE;
CHARLES DONELSON and DOES 1 through 10               DEFENDANTS
```

ORDER

In its February 19, 2015 opinion, the court reserved ruling on the motion of Eric K. Shinseki, Secretary of the United States Department of Veterans Affairs, for summary judgment as to plaintiff Alice Buckhanan's claim for retaliation under Title VII. At that time, the court offered defendant an opportunity to respond for the purpose of addressing (1) plaintiff's assertion that she was entitled to further firearms training and to be retested following her initial failure to qualify with her firearm, and (2) the admissibility of evidence regarding Jackson VA Medical Center (VAMC) Director Joe Battle's alleged refusal to allow plaintiff to retest with her service weapon unless she dismissed her pending EEOC claim. Both parties have now filed their responses to the court's opinion, and in addition, plaintiff has filed a number of related motions/objections, including (1) an

objection to defendant's Exhibit 88-4, an August 22, 2012 email from the VA's legal representative, Johnson Walker; (2) a motion to compel certain emails between Walker and Battle; and (3) a motion to strike defendant's answer for alleged discovery violations.  The court herein addresses each of these filings and resolves the remaining issue related to defendant's motion for summary judgment.

<u>Plaintiff's Motion to Strike Answer or for Other Sanctions</u>

Contending that defendant failed to disclose and produce relevant documents that plaintiff requested in discovery, plaintiff has moved the court to strike defendant's answer and to enter a default against it, or alternatively, to vacate the court's prior order granting summary judgment for defendant on her gender discrimination claim.  In support of her request for this relief, plaintiff complains of defendant's failure to disclose the VA's Model Standard Operating Procedures which defendant states in its supplemental submission to the court were adopted by the Jackson VAMC Police Department and also complains of defendant's failure to disclose and produce an August 22, 2012 email from VA attorney Johnson Walker to plaintiff and her legal representative, Vaughan Simms, despite requests for production that should have elicited these materials.  She also argues, more generally, that in hindsight, it is evident that some of defendant's other discovery responses were less than candid; and she suggests that

this alleged lack of candor has prejudiced her.  She cites, in particular, defendant's discovery responses (or lack thereof) regarding employee disciplinary and termination records.  Finally, she contends that she has come across new proof which shows that defendant may have misled the court regarding Claude Winn, one of the individuals that plaintiff argued during summary judgment briefing on her gender discrimination claim was a comparator but who the court found was not a proper comparator.  To the point, plaintiff claims that she recently learned (in May 2015) that Claude Winn, contrary to defendant's earlier representation to her and to the court, remains employed as an officer with the Jackson VAMC Police Department.

Federal Rule of Civil Procedure 37 provides for various forms of sanctions against a party for misconduct related to discovery. However, the Fifth Circuit has held that "usually, ... a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)— striking pleadings or dismissal of a case."  Pressey v. Patterson, 898 F.2d 1018, 1021 (5th Cir. 1990); see also Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 488 (5th Cir. 2012) (holding that for severe sanctions, such as "striking pleadings or dismissal of a case," "a finding of bad faith or willful misconduct [is required].") (citing Pressey, 898 F.2d at 1021).  In the case at bar, it is apparent that the relief requested by plaintiff is not

warranted, nor for that matter, is any lesser form of sanctions.

In its response to this motion, defendant takes the position – and in the court's opinion, correctly so – that the failure to disclose the Model Standard Operating Procedures was not a discovery violation, as the Model Standard Operating Procedures became relevant only to the preliminary issue of the admissibility of plaintiff's Exhibit J.  See infra at 7.

Defendant acknowledges that it did not produce the August 22, 2012 Walker email and that such email would have been responsive to plaintiff's discovery request; but it asserts that its failure to produce this document was entirely inadvertent and certainly not a proper basis for sanctions, particularly since plaintiff and her legal representative were the recipients of the email and hence were or should have been aware both of its existence and of the fact that it had not been produced by defendant in discovery. The court agrees.

Defendant points out that plaintiff's objection regarding its failure to produce employee disciplinary records cannot be a discovery violation since defendant objected to plaintiff's request for such records, and the court ruled that the objection was valid.  Regarding termination records, plaintiff argues that the fact that defendant's response to a certain request for admission regarding other officers who failed the firearms test but were not terminated (in which response defendant stated there

were two such officers) was inconsistent with what defendant claimed in its summary judgment motion, i.e., that at least three but fewer than seven officers failed the firearms test. Defendant takes the position that any inaccuracy in its response to the request for admission does not warrant sanctions. In the court's opinion, while defendant's discovery response may have been inaccurate, plaintiff was not prejudiced as a result. She learned through other discovery the identity of every other officer that defendant claimed in its summary judgment motion had failed the firearms test and yet not been terminated. Moreover, the fact that defendant's answer to this request for admission was inaccurate does not suggest that defendant's discovery responses were generally marked by a "lack of candor", as plaintiff contends.

Lastly, defendant explains that the evidence it presented to the court relating to Claude Winn at the time of its summary judgment motion was true and accurate: Claude Winn did fail to qualify with his weapon but, unlike plaintiff, was not terminated only because he requested and was granted a reasonable accommodation, claiming he could no longer perform his duties as a police officer due to a medical condition. Defendant states, and has presented supporting evidence, that since the time of the summary judgment motion, Winn was released by his medical provider to return to the police department. It thus appears that

5

defendant did not mislead the court and, in the court's opinion, this recent change in Winn's circumstances does not change the fact that Winn was (and is) not a proper comparator.

### Supplemental Submissions on Plaintiff's Retaliation Claim

As the court explained in its earlier opinion, plaintiff was terminated from her employment as a VA police officer for the ostensible reason that she had failed to qualify with her service weapon and thus failed to satisfy an indisputable condition of her continued employment.  Plaintiff claimed that under applicable VA policy, she was entitled to additional training and to be retested with her weapon and yet defendant refused to allow her to be retested unless she would agree to dismiss a pending EEOC claim she had filed two years earlier.  Defendant contended the offer to allow plaintiff to retest on the condition that she waive any and all pending, existing or future claims, was part of settlement discussions and as such, evidence of that offer was inadmissible under Federal Rule of Civil Procedure 408.  The court indicated in its opinion that the potential viability of plaintiff's claim for retaliation depended on competent, admissible proof *both* that she was entitled under applicable VA policy to retest with her weapon *and* that the VA denied her request to be retested unless she dismissed her then-pending EEOC claim.

Plaintiff's evidence that she had a right to further training and to then retest following her initial failure to qualify is

based primarily on a single document, which plaintiff offered as Exhibit J to her response to defendant's summary judgment motion. The document consists of one page. At the top appears the heading, "Firearm Program Requirements", and the document states, *inter alia*, as follows:

> Standard Operation Procedures (SOP) for the Sonny Montgomery Veteran Affairs, Station 586, Jackson, MS 39216
> 5.11. Remedial Firearms Training: This is in-depth training to emphasize shooting fundamentals. Remedial training sessions are kept small or individualized to focus on specific problems and afford the ~~SHOOTER~~ shooter an opportunity to improve.
> ...
> 5.11.3. Shooters are permitted one re-fire during the remedial training session(s), with training ammunition. If they fail, the shooter will be scheduled for a second and final remedial class.

Defendant not only objects that this document has not been authenticated by plaintiff and thus may not be considered by the court, see Frazier v. Cinemark USA Inc., 348 Fed. App'x 6, 8 (5th Cir. 2009) (holding that evidence which was not properly authenticated did not constitute competent summary judgment evidence), but it has also presented evidence which it contends affirmatively establishes that this document was not part of VA policy in 2012. Specifically, defendant has presented an affidavit from Captain Charlie Donelson, supervisor/sergeant with the VA Police Department since 2008 and Operations Captain since 2014, in which he states, *inter alia*, that he does not recognize the document and does not know where it came from but he does know

7

that it was not part of the VAMC's Standard Operating Procedures that were in effect in 2012. Donelson goes on to explain that the Department of Veterans Affairs has Model Standard Operating Procedures which the Jackson VAMC has adopted and followed since its implementation in 2005. According to Donelson's declaration, there is nothing in the Model Standard Operating Procedures that deals with firearms remediation. Finally, Donelson states that at all relevant times, the Jackson VAMC Police Department has followed the Law Enforcement Training Center's guideline regarding firearms remediation, which provides for remediation between the second and third attempt of any qualification effort.

To defendant's objection to the admissibility of Exhibit J, plaintiff first responds that "this local policy was provided to [her] in discovery from the VA, under their Bates Stamp Number Buchanan-VA-000283." However, as the VA explains in its reply, the document was produced in discovery only as part of the administrative record compiled during plaintiff's hearing before the Merit Systems Protection Board (MSPB); and it was in the MSPB record because *plaintiff* produced it in support of her MSPB appeal. Thus, in the context of the litigation between the parties, it appears that plaintiff is the one who first produced the document. As for where the document came from in the first place, plaintiff states in her declaration that the document was provided to her and all officers at the Jackson VAMC "prior to the

incidents alleged within this cause and was represented to me by then Lt. Henry Bennett, the training instructor, that this was part of the local standard operating procedures."[1]  And she states that "all local SOP's, including Exhibit 'J', were maintained in a black three-ring binder in the Jackson VA Police Department Operations Room, so that they could be inspected by all officers." However, even assuming this is true, plaintiff still has not established that her Exhibit J represented Jackson VAMC Police Department policy at the time she failed to qualify in 2012. Accordingly, she has not come forward with competent summary judgment evidence to support her claim that she was entitled under applicable VA policy to receive additional training and to be retested after she failed to qualify with her service weapon during testing at the Law Enforcement Training Center in June 2012.[2]  For this reason, the court concludes that her retaliation claim fails as a matter of law.

---

[1]    It is noted that Bennett was terminated prior to plaintiff's 2012 qualification attempts due to discrepancies in training and qualifications/certification records.  Moreover, defendant has indicated that particularly due to the irregularities in the training program under Bennett and former Jackson VAMC Police Chief Lumpkin (who was also terminated), it is unclear what the practices were under their administration and instruction.

[2]    The court acknowledges plaintiff's argument that Donelson's declaration is unreliable.  The court need not address her argument in this regard, however, since plaintiff has no evidence to show that Exhibit J was VAMC policy during the relevant time period.

The court would further note, though, that after considering all the parties' submissions and arguments on the issue, it is persuaded that the VA's alleged offer to allow plaintiff to retest was in the nature of a settlement offer.  As is now clear from the materials submitted by the parties, it is undisputed that there were settlement discussions between the parties, which included the VA's offering plaintiff the opportunity to retest with her weapon on condition that she waive any and all claims, including her pending EEOC claim.  Ultimately, plaintiff rejected this offer and was terminated.  It appears from the affidavits of both plaintiff and Battle that these settlement discussions were proposed and/or began during the informal meeting/hearing with Battle on August 16, 2012 in which plaintiff was given the opportunity to respond to her supervisor's recommendation that her employment be terminated.  Battle states that during the meeting on August 16, 2012, which was attended by plaintiff and her legal representative, the possibility of settlement was discussed.  He told plaintiff's legal representative, Vaughn Simms, that if they wanted to talk settlement, they would need to contact agency counsel Johnson Walker.  Battle indicates that although he did not participate in the discussions which followed that meeting, he did "express[] [during the meeting] the idea that the Agency was willing to discuss a resolution."

The evidence shows that several days later, on August 22, 2012, VA counsel Walker communicated with plaintiff and her attorney via email asking that Simms contact him "regarding a possible resolution to a matter involving Ms. Buckhanan."[3] According to Walker's declaration, during the discussions which ensued over the next few days, he expressed to plaintiff and her representative that any settlement was to be a global settlement that would resolve all outstanding or potentially outstanding cases. Walker states that the primary terms of the settlement offer included allowing plaintiff to retest with her firearm in exchange for a waiver of all pending or future claims and plaintiff's agreement to resign if she did not pass the agreed-

---

[3]   Johnson Walker, Counsel for the VA, has presented a declaration in which he explains that he obtained authority to conduct these negotiations shortly after the August 16, 2012 hearing/meeting between plaintiff and her counsel and Battle, following which he promptly contacted plaintiff and her counsel via email to discuss a potential settlement. Plaintiff has objected to the court's consideration of this Walker email, dated August 22, 2012, on the bases that (1) it is hearsay; (2) it lacks authentication; (3) it is not relevant; (4) the date of the email contradicts Walker's prior declaration in which he stated he was given authority to negotiate on or about August 23, 2012; (5) plaintiff was not a party to the email, as it was sent to her work email address at a time when she was already separated from service; and (6) the document was not properly disclosed in discovery. Defendant has responded to plaintiff's objection and addressed fully and to the court's satisfaction each basis for her objection. The email may properly be considered by the court.
     The court notes that plaintiff has also moved to compel production of certain emails between Walker and the VA. However, while plaintiff insists otherwise, it is clear these emails are covered by the attorney/client privilege. Her motion to compel will be denied.

upon retest. He says that although Simms informed him during a phone conversation on August 24, 2012 that he thought plaintiff was agreeable, Simms called back the following Monday, August 27, 2012, to say that plaintiff would not accept the proposed settlement.[4]

In her declaration in support of her response to the court's opinion, plaintiff acknowledges that Battle expressed to her and her representative at the hearing/meeting on August 16, 2012 that the VA was "willing to discuss a resolution"; and although she states that Battle's proposed "resolution" included the condition that she waive her EEOC claim, she states that she did not consider this to be an offer of settlement. In the court's view, however, irrespective of how she may have interpreted it, and even if the proposal did initially come from Battle, the discussion appears to have been directed toward a compromise resolution of plaintiff's request to be retested. Accordingly, evidence that the VA offered to allow plaintiff to be retested on condition that she waive any and all claims, is inadmissible under Rule 408. And, as the court explained in its previous opinion, without this evidence, plaintiff's retaliation claim fails as a matter of law. Therefore, defendant's motion for summary judgment on plaintiff's retaliation claim will be granted.

---

[4] Plaintiff has submitted a declaration in which she denies that the settlement discussions with Walker occurred in August 2012 and claims that they occurred in October 2012.

Based on the foregoing, it is ordered that plaintiff's motion to compel is denied; her motion to strike defendant's answer or in the alternative for relief under Rule 60 is denied; and defendant's motion for summary judgment on plaintiff's claim for retaliation is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 25th day of June, 2015.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE